■ In the Matter of ARLENE ALLEN, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [962 NYS2d 112]—

Order and judgment (one paper), Supreme Court, New York County (Emily Jane Goodman, J.), entered March 4, 2011, inter alia, granting the petition to the extent of vacating the April 14, 2010 determination of respondent New York City Housing Authority (NYCHA), which terminated petitioner's tenancy, and remanding the matter to NYCHA for imposition of a lesser penalty, if any, unanimously vacated, the proceeding treated as if it had been transferred to this Court for de novo review pursuant to CPLR 7804 (g), and, upon such review, the determination of respondent, unanimously modified, on the law, to the extent of vacating the penalty, and the matter remanded to respondent for the imposition of a lesser penalty, and otherwise affirmed, without costs.

Review of the record shows that respondent NYCHA's determination that petitioner violated the permanent exclusion stipulation was supported by substantial evidence and has a rational basis in the record (*see Matter of Purdy v Kreisberg*, 47 NY2d 354, 358 [1979]). However, in light of the particular circumstances presented here, we find that the penalty of eviction is shocking to one's sense of fairness (*Matter of Pell v Board of Educ. of Union Free School Dist. No. 1 of Towns of Scarsdale &*

*Mamaroneck, Westchester County*, 34 NY2d 222, 233 [1974]). Petitioner, who is over 70 years old, has lived in the subject building for more than 35 years with no record of any prior offenses. Nothing in the record suggests that she now presents any risk to the other tenants or to NYCHA's property. Moreover, petitioner was in the process of applying for removal of the permanent exclusion prior to the hearing. The record shows that the hearing officer discussed this with petitioner and received petitioner's supporting documentation in evidence, yet issued a determination to terminate the tenancy prior to, and without any consideration of, the merits pertaining to the tenant's application for removal of the permanent exclusion. Accordingly, on remand, NYCHA should determine an appropriate lesser penalty. Concur—Andrias, J.P., Saxe, Moskowitz, Abdus-Salaam and Manzanet-Daniels, JJ. **[Prior Case History: 2011 NY Slip Op 30485(U).]**